NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PROBATTER SPORTS, LLC,**
*Plaintiff-Appellee*

**v.**

**SPORTS TUTOR, INC,**
*Defendant-Appellant*

---

2016-1800

---

Appeal from the United States District Court for the District of Connecticut in No. 3:05-cv-01975-VLB, Judge Vanessa Lynne Bryant.

---

Decided: March 1, 2017

---

JOHN RICHARD HORVACK, JR., Carmody Torrance Sandak & Hennessey LLP, New Haven, CT, argued for plaintiff-appellee. Also represented by FATIMA LAHNIN, JOHN LOUIS CORDANI.

BLAKE ROBERT HARTZ, Woodard, Emhardt, Moriarty, McNett & Henry LLP, Indianapolis, IN, argued for defendant-appellant. Also represented by JOHN C. MCNETT, QUENTIN G. CANTRELL.

---

Before DYK, CLEVENGER, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

The district court in this case entered summary judgment that Sports Tutor, Inc., infringes two of ProBatter Sports, LLC's, patents relating to pitching machines. Sports Tutor appeals the district court's determination that those patents were not invalid as obvious. Because Sports Tutor did not meet its burden of establishing obviousness before the district court, we affirm.

BACKGROUND

ProBatter and Sports Tutor both sell programmable pitching machines meant to simulate real-life pitching situations. ProBatter's mechanical pitching machine stands behind a video projection of an actual pitcher winding up and pitching. A ball thrust from the pitching machine emerges from a hole in the video screen towards a batter and/or catcher. Probatter's product synchronizes the ball release with the video so that the batter and/or catcher experience something similar to a live pitcher's pitch. The machine can throw a wide variety of pitch types at varying speeds and can alternate between right-handed and left-handed pitcher simulation. Major league and collegiate baseball programs have purchased ProBatter's system.

The ProBatter system practices ProBatter's U.S. Patent No. 6,182,649 and its continuation patent, U.S. Patent No. 6,546,924. These patents describe a ball-throwing machine "able to interchangeably deliver pitches of different types to different locations at different speeds with less than ten-second intervals between pitches." '649 patent abstract. The claimed machine is also capable of changing pitch type, speed, and delivery location "without the need to manually readjust the machine between pitches." *Id.* at col. 3 ll. 43–46. The patents allege that

this was not possible in prior art machines because of the difficulty in quickly changing motor speed. The patents explain that the claimed machine is able to rapidly decelerate its motors by incorporating a dynamic braking mechanism.

By way of example, independent claim 27 of the '649 patent recites:

> 27. A ball-throwing machine of the type having a power head including at least two coacting wheels for propelling a ball toward a batter to simulate a pitch, said power head being pivotably mounted on a base at a center pivot about which the power head may be pivoted in both a horizontal and a vertical direction, said machine including:
>
> means for causing the power head to rotate about said center pivot to assume a predetermined horizontal position, said means for causing comprising at least one horizontal linear actuator; and
>
> means for causing the power head to rotate about said center pivot to assume a predetermined vertical position, said means for causing comprising at least one vertical linear actuator; and
>
> dynamic braking means for powering motors for the said coacting wheels, said means comprising a dynamic or regenerative braking circuit.

'649 patent reexamination certificate col. 3 ll. 12–28.

Probatter sued Sports Tutor in the District of Connecticut, alleging that Sports Tutor's HomePlate machine infringed '649 patent claims 1–12, 25–27, and 31, as well as '924 patent claim 1. Sports Tutor then challenged the patents in a series of ex parte reexaminations, two on

each patent, during which the district court stayed the litigation. In the first round of reexaminations, the examiner rejected many of the claims as obvious in view of the prior art, but the Board of Patent Appeals and Interferences reversed those rejections and allowed the claims. The Board reasoned that the dynamic braking limitation was not disclosed in any of the allegedly anticipatory references and that there was no motivation to combine the prior art ball-throwing machine references with the prior art dynamic braking reference, U.S. Patent No. 5,187,419 ("DeLange"), drawn generally to an electric motor. The examiner rejected Sports Tutor's invalidity challenges in the second round of reexaminations and allowed the asserted claims.

Following reexamination, the district court lifted the stay and entered summary judgment of infringement, which Sports Tutor does not appeal. The district court denied motions seeking to determine validity on summary judgment and held a bench trial on that issue, after which the parties filed post-trial briefs. The court ruled that Sports Tutor did not carry its clear and convincing burden at trial or in its post-trial briefing to prove invalidity of the asserted patent claims. The district court specifically found that Sports Tutor did not satisfy its burden because it never explicitly argued for a particular combination of references or proffered a motivation to combine references. The court emphasized that it could not make factual findings on the scope and content of the prior art or the differences between the claims and the prior art because Sports Tutor failed to identify any particular prior art combinations.

Sports Tutor appeals the district court's validity ruling, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

I.

A patent claim is unpatentable as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103.[1] "[P]atents are presumed to be valid and overcoming this presumption requires clear and convincing evidence." *Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1188 (Fed. Cir. 2014) (citing 35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd.*, 564 U.S. 91, 95 (2011); *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1354 (Fed. Cir. 2010) (en banc)).

"Obviousness is a question of law, based on underlying factual determinations including: 'the scope and content of the prior art'; 'differences between the prior art and the claims at issue'; 'the level of ordinary skill in the pertinent art'; and '[s]uch secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc.'" *Insite Vision Inc. v. Sandoz, Inc.*, 783 F.3d 853, 858 (Fed. Cir. 2015) (quoting *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966)). "Following a bench trial on the issue of obviousness, we review the court's ultimate legal conclusions de novo and the underlying factual findings for clear error." *Id.* (quoting *Tyco Healthcare Grp. LP v. Ethicon Endo–Surgery, Inc.*, 774 F.3d 968, 974 (Fed. Cir. 2014)).

---

[1]    Given the effective filing date of the '649 and '924 patents' claims, the version of 35 U.S.C. § 103 that applies here is the one in force preceding the changes made by the America Invents Act. *See* Leahy–Smith America Invents Act, Pub. L. No. 112-29, § 3(n), 125 Stat. 284, 293 (2011).

## II.

Sports Tutor argues that the district court erred by holding that Sports Tutor failed to show that the claims were invalid as obvious. As support, Sports Tutor directs us to the examiner's initial rejections of the claims during reexamination and to the Board's later reversal of those rejections, both of which Sports Tutor placed into evidence along with the underlying prior art references. Sports Tutor reads the Board's decision narrowly, interpreting the Board as disagreeing with the examiner only on whether a motivation to combine references existed. In other words, Sports Tutor speculates that the Board's silence as to the examiner's findings on scope and content of the prior art and other *Graham* factors means that the Board acquiesced in those findings. Therefore, according to Sports Tutor, all it needed to do to prove obviousness before the district court was to show dynamic braking in the context of a ball-throwing machine. Sports Tutor thus believes that, at the district court, it "cured the problem" with the reexamination by introducing new prior art references that teach dynamic braking in ball-throwing machines, even though Sports Tutor nowhere addressed any of the other claim limitations in its presentations to the district court. *See* J.A. 1117. Sports Tutor argues that by purportedly showing that the dynamic braking limitation was in the prior art, taken with the examiner's rejection that the Board reversed, it met its burden of proving obviousness by clear and convincing evidence before the district court.

We disagree. The district court did not err in concluding that Sports Tutor's showing was insufficient to establish obviousness. We emphasize that a defendant seeking to overcome the statutory presumption of patent validity must persuade the factfinder by clear and convincing evidence. *See i4i*, 564 U.S. at 95. Sports Tutor did not satisfy that burden here because it failed to articulate a clear theory of obviousness.

We first note that Sports Tutor did not identify to the district court a prior art obviousness combination on which it relied. Indeed, neither its briefing nor its trial presentation informed the district court of the specific references that Sports Tutor proposed to combine with the dynamic braking references, explained the content of those references, or demonstrated how to combine them. *See* Oral Arg. at 33:05–35:03, http://oralarguments.cafc. uscourts.gov/default.aspx?fl=2016-1800.mp3     (showing Sports Tutor unable to direct the court to any portion of its trial presentation where it identified the references to combine). Sports Tutor merely cited, without explanation, the examiner's original—and ultimately reversed—rejection, which spanned one-hundred pages and included a slew of references in ten separate obviousness combinations, some of which combined as many as five different references.

Our precedent affirms the district court's ability to demand greater specificity than Sports Tutor demonstrated here to meet its burden of proving invalidity by clear and convincing evidence. For example, in *Motorola Mobility, LLC v. International Trade Commission*, Motorola, a respondent to an International Trade Commission § 337 investigation, made obviousness arguments that the administrative law judge rejected as "conclusory and generalized sentences" in which "Motorola did not clearly identify the scope and content of the prior art that it was asserting, or provide any argument that certain prior art references render a specific claim obvious." 737 F.3d 1345, 1350 (Fed. Cir. 2013) (internal citations omitted). In affirming, we explained:

> The administrative law judge had no obligation to guess about which prior art combinations Motorola asserted, and how those references rendered the claims invalid. . . .

> . . . Neither the administrative law judge, nor the Commission, nor this court has the task of divining an invalidity defense from the record.

*Id.* (citing *Schumer v. Lab. Comput. Sys.,* 308 F.3d 1304, 1316 (Fed. Cir. 2002)); *see also In re Brimonidine Patent Litig.*, 643 F.3d 1366, 1376 (Fed. Cir. 2011) (holding district court did not abuse its discretion in refusing to consider prior art references admitted into evidence "in light of the absence of testimony explaining their relevance to the obviousness issue"); *Koito Mfg. Co. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1151–52 (Fed. Cir. 2004).[2]

Sports Tutor avers that ProBatter admitted that all non-braking claim limitations existed in the prior art when it stipulated that dynamic braking was "[t]he key distinguishing factor in the ProBatter Patents, and the primary issue at bar." Appellant Br. 18–19 (quoting J.A. 197, 213). Even if we were to agree with Sports Tutor that ProBatter's recitation of the patents' point of novelty is a concession that all other elements existed in the prior art, that would not be enough for Sports Tutor to prove its obviousness case. The law is clear that "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007). Indeed, "it can be

---

[2]      Sports Tutor's appeal briefing attempts to explain its proposed obviousness combinations, but we do not consider this new argument raised for the first time on appeal. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997) ("With a few notable exceptions, such as some jurisdictional matters, appellate courts do not consider a party's new theories, lodged first on appeal. If a litigant seeks to show error in a trial court's overlooking an argument, it must first present that argument to the trial court.").

important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." *Id.* In the district court, Sports Tutor did not adduce expert testimony or even present attorney argument on why one of skill would have been motivated to combine dynamic braking with the other prior art references directed to pitching machines. Accepting Sports Tutor's argument would essentially eliminate the motivation to combine requirement and essentially turn an obviousness analysis into an anticipation analysis.

The same logic holds true with Sports Tutor's argument that, in the reexaminations, the Board implicitly agreed with the examiner that the other non-braking elements existed in the prior art. Even if we accept this factual predicate as true, Sports Tutor still presented no motivation to combine the dynamic braking references with the references the examiner relied on to teach the remaining limitations. Indeed, the Board's reasoning in reversing the examiner was precisely that a motivation to combine dynamic braking with prior art pitching machines had not been demonstrated. *Ex Parte Probatter Sports, LLC, Patent Owner & Appellant*, 2011-008815, 2011 WL 6739397, at *10 (B.P.A.I. Dec. 21, 2011); *Ex Parte Probatter Sports, LLC*, No. 2011-008816, 2011 WL 6739343, at *9 (B.P.A.I. Dec. 21, 2011). Again, on the record before us, Sports Tutor's showing that dynamic braking existed in isolation is not enough to show that one of ordinary skill would have combined that teaching with prior art pitching machines absent some motivation to combine supplied by Sports Tutor.

Because we conclude that Sports Tutor failed to establish obviousness by clear and convincing evidence even without considering Probatter's contrary evidence, we need not address ProBatter's evidence of objective indicia of nonobviousness.

CONCLUSION

We have considered Sports Tutor's remaining arguments and find them unpersuasive. We affirm the judgment of the district court that Sports Tutor did not meet its burden to prove the asserted patents were invalid as obvious.

**AFFIRMED**

COSTS

Costs to Appellee.